UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-196-MOC

| | | |
|---|---|---|
| **WENDELL JUDE LE MAITRE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **D. PARLIER, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 5].

I.  BACKGROUND

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Alexander Correctional Institution, where he still resides. [Doc. 1]. He names as Defendants in their individual and official capacities: FNU Parlier, a correctional officer; and D. Carroll, a sergeant. He asserts claims for retaliation beginning on September 29, 2021, and the use of excessive force for an incident that allegedly occurred on September 2, 2022.[1] [Id. at 25]. For injury he claims that the Defendants' actions caused the

---

[1] The Complaint alludes to several other issues including the filing of false disciplinary charges, the mishandling and denial of his prison grievances, and the denial of his access to the courts. It does not appear that the Plaintiff is attempting to assert these as separate claims and, if had he done so, they would be dismissed as frivolous or for failure to state a claim. See generally Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim); see, e.g., Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017) (an inmate cannot bring a § 1983 claim alleging denial of a specific grievance procedure); Edwards v. Balisok, 520 U.S. 641 (1997) (extending Heck v. Humphrey, 512 U.S. 477 (1994) to claims alleging constitutional deficiencies in the prison disciplinary proceedings that have resulted in the loss of good time credits).

1

deterioration of his physical and mental health, increased his sentence by depriving him of good credit, and deprived him of a custody level promotion. [Id. at 22-24]. He seeks a declaratory judgment, injunctive relief, compensatory and punitive damages, a jury trial, costs, and any other relief that is just, proper, and equitable.[2] [Id. at 27].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed

---

[2] To the extent that the Plaintiff seeks to challenge the fact or duration of his confinement, he may not do so in this § 1983 action. See generally Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

2

by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

1. **Parties**

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a) of the Federal Rules of Civil Procedure. [See, e.g., Doc. 1 at 11, 14, 23 (referring to a nurse, Unit Manager Daves, and Larry Williams)]; see Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity"). Moreover, the claims against Marion CI could not proceed even if it were named as a defendant because NCDPS facilities are not "persons" under § 1983. See Fox v. Harwood, 2009 WL 1117890 at *1 (W.D.N.C. April 24, 2009). The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.

2. **Retaliation**

An inmate has a clearly established First Amendment right to be free from retaliation for filing lawsuits. See Booker v. S.C. Dep't of Corrs., 855 F.3d 533, 540 (4th Cir. 2017); Thompson v. Commonwealth of Va., 878 F.3d 89, 110 (4th Cir. 2017). Inmates also have a protected First Amendment right to complain to prison officials about prison conditions and improper treatment by prison employees that affect them. See Patton v. Kimble, 717 Fed. App'x 271, 272 (4th Cir. 2018).

3

To state a colorable First Amendment retaliation claim, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. Martin v. Duffy, 977 F.3d 294, 299 (4th Cir. 2020) (quotation marks and citation omitted). Retaliation claims brought by prisoners, however, are treated with skepticism because every act of discipline by a prison official is retaliatory in that it responds directly to prisoner misconduct. See Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). More, bare or conclusory assertions of retaliation are insufficient to establish a retaliation claim. Id., 40 F.3d at 74.

Here, the Plaintiff alleges that Defendants Parlier and Campbell engaged in numerous harassing by inter alia conducting destructive property searches, filing false disciplinary reports, and using excessive force against him, in retaliation for having complained about them verbally and in written grievances. Taking the allegations as true for the purposes of initial review, and construing all reasonable inferences in Plaintiff's favor, the Court concludes that the Plaintiff's retaliation claims against Defendants Parlier and Campbell pass initial review in that they are not clearly frivolous.

**3. Excessive Force**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain." Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim,

4

the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley, 475 U.S. at 320-21. Furthermore, the Supreme Court has made clear that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 559 U.S. 34, 38 (2010).

The Fourth Circuit recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002)). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

The Plaintiff claims that on September 2, 2022, Defendant Carroll was present while Defendant Parlier used abusive language, gave the Plaintiff conflicting orders that he was unable to follow, shoved him, and purposefully applied excessively tight handcuffs; and that both of the Defendants refused to loosen the excessively tight cuffs at Plaintiff's request or at the request of a nurse. [Doc. 1 at 8-12]. Taking the allegations as true for the purposes of initial review, and construing all reasonable inferences in Plaintiff's favor, the Court concludes that the Plaintiff's excessive force/ failure to intervene claims against Defendants Parlier and Carroll pass initial review in that they are not clearly frivolous.

IV. CONCLUSION

In sum, the Plaintiff's claims for retaliation and excessive force/ failure to intervene pass initial review against Defendants Parlier and Carroll. The remaining claims are dismissed without prejudice.

This Court's Local Rule 4.3 sets forth the procedure to waive service of process for current or former employees of NCDPS in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Parlier and Carroll, who are alleged to be a current or former employees of NCDPS.

## ORDER

**IT IS THEREFORE ORDERED** that:

1. The Complaint [Doc. 1] passes initial review for retaliation and the use of excessive force/failure to intervene against Defendants Parlier and Campbell.

2. The remaining claims are **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Parlier and Campbell, who are alleged to be a current or former employees of NCDPS.

4. **IT IS FURTHER ORDERED** that the Clerk shall mail the Plaintiff an NCPLS Opt-In/ Opt-Out form pursuant to the Standing Order in Misc. Case No. 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: March 20, 2024

Max O. Cogburn Jr
United States District Judge