UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:23-cv-196-MOC

| | |
|---|---|
| WENDELL JUDE LEMAITRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DAVID L. PARLIER, et al., ) | ORDER |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court sua sponte.

The pro se incarcerated Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He is proceeding in forma pauperis. [Doc. 5]. The Complaint passed initial review against Defendants David Carroll and David L. Parlier. [Doc. 7]. Defendant Carroll waived service and now has filed a Motion to Dismiss. [Doc. 32]. Defendant Parlier was served on July 8, 2024, and has not answered or otherwise responded to the Complaint. [See Doc. 29]. The Plaintiff has filed a "Motion for Default Judgment" as to Defendant Parlier. [See Doc. 33].

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Plaintiff, who is proceeding *pro se*, that he has a right to respond to Defendant Carroll's Motion to Dismiss.[1] The Court also advises Plaintiff that failure to respond may result in Defendant Carroll being granted the relief that Defendant Carroll seeks.

---

[1] The Fourth Circuit did not hold in Roseboro that such notice is required for motions to dismiss. Rather, the Fourth Circuit's discussion in Roseboro regarding notice was directed to summary judgment motions. See Roseboro, 528 F.2d at 310 ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); see also Norman v. Taylor, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), this circuit held that *pro se* plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well

As to Defendant Parlier, the Court construes the Plaintiff's "Motion for Default Judgment" as a Motion seeking the entry of default pursuant to Fed. R. Civ. P. 55(a). The Clerk will be instructed to enter default against Defendant Parlier for good cause shown.

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff shall respond to Defendant Carroll's Motion to Dismiss within **thirty (30) days** of entry of this Order. Failure to file a timely response will likely lead to the granting of relief that Defendant Carroll seeks.

2. The Plaintiff's "Motion for Default Judgment" [Doc. 33] is construed as a Motion for Entry of Default against Defendant Parlier. The Clerk is respectfully instructed to enter **DEFAULT** against Defendant Parlier pursuant to Fed. R. Civ. P. 55.

**IT IS SO ORDERED**.

Signed: January 14, 2025

Max O. Cogburn Jr.
United States District Judge

---

result in entry of summary judgment against them."), *abrogated on other grounds by* Wilkins v. Gaddy, 559 U.S. 34 (2010). Nevertheless, courts routinely issue Roseboro notices for motions to dismiss, and the Court does so here.